**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARQUIS AURBACH COFFING, P.C., <br><br> Plaintiff(s), <br><br> vs. <br><br> TERRY DORFMAN, et al., <br><br> Defendant(s). | Case No. 2:15-cv-00701-JCM-NJK <br><br> ORDER DENYING MOTION TO STAY DISCOVERY, AND MOTION FOR SHORTENING TIME <br><br> (Docket No. 23, 29) |

The matter before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 23; *see also* Docket No. 13 (motion to dismiss for failure to state a claim). Plaintiff filed a response in opposition and Defendants replied. Docket Nos. 25, 28. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to stay discovery is hereby **DENIED**, and Defendants' motion for an order shortening time (Docket No. 29) is **DENIED** as moot.

**I.     BACKGROUND**

This action arises out of a dispute over the legal fees allegedly due under Plaintiff and Defendants' fee agreement. *See* Docket No. 8 (providing fee agreement). On May 5, 2015, Plaintiff filed an amended complaint asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *Id.,* at 3-5. In short, Plaintiff alleges that Defendants failed to pay the attorneys' fees due under the agreement. *See id.* On May 26, 2015, Defendants moved

1  to dismiss, arguing that (1) the complaint fails to meet the standard in *Bell Atl. Corp. v. Twombly*, 550
2  U.S. 544, 551 (2007), (2) Plaintiff is not entitled to fees under the plain meaning of the agreement, (3)
3  Plaintiff's allegedly unethical conduct bars any recovery of fees, (4) the fee agreement is
4  unconscionable, and that (4) Plaintiff's claims for unjust enrichment and breach of the implied covenant
5  of good faith and faith dealing fail as a matter of law. Docket No. 13 at 10-17. Thereafter, Defendants
6  filed the motion to stay discovery that is presently before the Court. Docket No. 23.

**II.   ANALYSIS**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). A pending dispositive motion does not therefore ordinarily warrant a stay of discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502-04 (D. Nev. 2013). The fact that "discovery may involve some inconvenience and expense" does not alone warrant a stay either. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev.1997). Rather, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery upon a showing of good cause, and the party seeking the stay carries the heavy burden of making a strong showing why discovery should be denied. *Id.*

Ultimately, it is within the Court's broad discretion to control discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The case law in this District makes clear that motions to stay discovery may be granted when: (1) the potentially dispositive motion can be decided without additional discovery; and (2) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013)

//
//
//
//
//

In conducting a preliminary peek of the merits of a potentially dispositive motion, a court must look to the likely success of the motion.[1] In reviewing the merits of the dispositive motion, the Court must adopt a standard that best effectuates the goals of Federal Rule of Civil Procedure 1 for the "just, speedy, and inexpensive" determination of actions. *See Tradebay*, 278 F.R.D. at 602-03. Because dispositive motions are a frequent part of federal practice, "[a]n overly lenient standard for granting requests to stay would result in unnecessary delay in many cases." *Holt v. U.S. Bank, N.A.*, 2012 WL 1898893, *1 (D. Nev. May 23, 2013). Thus, courts in this District have required a significant showing that the pending dispositive motion is likely to be granted. Indeed, courts in this District have consistently held that a stay should be granted only where the Court is "convinced" that the Plaintiff will be unable to state a claim. *See, e.g.*, *Tradebay*, 278 F.R.D. at 601 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting*, 175 F.R.D. 554); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).

With the above-standards in mind, the Court has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing. Docket Nos. 13, 17, 18, 23, 25, 28. The Court is simply not convinced that the motion to dismiss will be granted, such that conducting discovery will be a waste of effort.

Accordingly, the motion to stay discovery (Docket No. 23) is hereby **DENIED**. Defendants' motion for an order shortening time (Docket No. 29) is **DENIED** as moot.

IT IS SO ORDERED.

DATED: October 2, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*