UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARQUIS AURBACH COFFING, P.C., | Case No.2:15-cv-00701-JCM-NJK |
| Plaintiff, | ORDER |
| v. | |
| TERRY DORFMAN, et al., | |
| Defendants. | |

Presently before the court is defendants Terry Dorfman and T. Dorfman, Inc.'s (the "defendants") motion to dismiss the first amended complaint. (Doc. # 13). On June 8, 2015, plaintiff Marquis Aurbach Coffing, P.C. ("Marquis") filed a response (doc. # 17), and on June 18, 2015, defendants filed a reply. (Doc. # 18).

**I.    Background**

Marquis is a law firm organized as a Nevada professional corporation authorized to do business in Nevada. T. Dorfman, Inc. is a Canadian Corporation, and Mr. Dorfman is an agent of that corporation. Both defendants are Canadian residents.

On September 18, 2012, Marquis and the defendants entered into an attorney fee agreement. (Doc. # 8 at 8). Marquis agreed to represent T. Dorfman Inc. as plaintiff's attorney. At the time, T. Dorfman Inc. was the plaintiff in a lawsuit filed in the United States District Court for the District of Idaho (the "Idaho litigation"). The 'hybrid' fee agreement specified that the client agreed to pay a reduced hourly rate for legal services provided during litigation of the client's claim in exchange for a reduced contingency fee of twenty percent of any amount recovered from the adverse parties. (*Id.*). Ms. Dorfman personally guaranteed payment to Marquis.

Marquis then began to represent defendants in the Idaho litigation. The representation proceeded smoothly until late 2014, at which point in time both parties had filed motions for

summary judgment. Around that time, plaintiff alleges that defendants began direct negotiations with the defendants to the Idaho litigation (the "Idaho defendants"), keeping Marquis out of the communication loop. Eventually, Dorfman informed MAC that there had been a settlement. Ms. Dorfman indicated to Marquis that she would not be receiving compensation as part of the settlement and that she wanted to dismiss the lawsuit. Marquis then allegedly pressed defendants for details of the settlement, to obtain a release from the defendants in the Idaho litigation, and to memorialize the settlement before dismissing the case. Defendants did not agree.

At some point, Marquis decided the parties had reached a point of irreconcilable differences. Instead of dismissing the case at Ms. Dorfman's request, Marquis instead withdrew as counsel, terminated the fee agreement, and demanded payment of any and all monies owed to Marquis by the defendants. Marquis alleges that defendants have not made such payment and still owe Marquis an indefinite sum under the September 2012 fee agreement.

Plaintiff's first amended complaint (doc. # 8) alleges 3 causes of action against defendant: breach of contract, breach of the implied covenant of good faith and fair dealing, and, in the alternative, unjust enrichment. Defendants now move to dismiss all three claims for failure to state a claim under FRCP 12(b)(6).

**II.  Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "[f]irst, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III.   Discussion

Defendants argue that Marquis' breach claim fails because it does not provide fair notice as required by *Twombly* and does not account for Marquis' own breach of the contract. Defendants then argue that Marquis' claim for breach of the implied covenant of good faith and fair dealing ("implied covenant claim") fails as a matter of law because Marquis has not alleged sufficient facts to support the claim. Finally, defendants argue that the unjust enrichment claim fails because the parties agree that a valid contract exists, and that a valid agreement bars recovery under a quasi-contract theory.

/ / /

### A. Breach of contract claim

First, Marquis successfully alleges a breach of contract claim in the first amended complaint.[1] Defendants argue that the claim (1) fails to allege whether defendants have paid all invoices based on hourly rates, (2) how many hours Marquis' worked on defendants' case, (3) what amount has been paid, and (4) the amount recovered by defendants for which Marquis believes it is owed a contingency fee. (Doc. # 13 at 10). The court finds that *Twombly* and *Iqbal* do not require a plaintiff to plead its allegations with such specificity. The specificity defendants desire goes far beyond the "short and plain statement of the claim" required by FRCP 8(a)(2). Plaintiff indicates in the first amended complaint that (a) "[d]efendants have not paid [Marquis] in full for services rendered, despite demand," more specifically that (b) "[d]efendants refuse to pay the full amounts owed to [Marquis] at the time of termination, or to pay any portion thereof," and that (c) "[d]efendants materially breach the contract by failing to pay, upon [Marquis'] termination of representation, the amounts due pursuant to the [f]ee [a]greement," (Doc. # 8, ¶¶ 15, 16, and 22). The court finds that these statements sufficiently plead a breach of the fee agreement under *Twombly* and *Iqbal*.

Defendants also argue that Marquis' breach claim is barred because Marquis actually breached the contract by withdrawing instead of dismissing the Idaho litigation and, in doing so, violated its ethical duties. Defendants argue further that Marquis' interpretation of the contract makes it unconscionable. The court agrees with Marquis that regardless of the validity of the arguments, a motion to dismiss for failure to state a claim is not the proper filing in which to make these arguments. The arguments go to the merits of Marquis' claim, not to whether or not they were sufficiently pled. Defendants may of course raise the arguments as defenses, grounds for

---

[1] Throughout their motion, defendants argue that certain allegations contained in Marquis' original state court complaint (doc. # 1 at 5), but not included in its first amended complaint (doc. # 8), should be considered by the court because they are judicial admissions. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). The court finds that, to the extent it takes judicial notice of the admissions under Federal Rule of Evidence 201(b)(2), those allegations *do not* lend support to defendants' arguments and, moreover, actually undermine their claims that Marquis has not provided the notice required by *Twombly*. However, the court emphasizes that it finds plaintiff has stated plausible causes of action on the face of its first amended complaint *standing by itself* and does not give Marquis the benefit of weighing its prior allegations in its own favor in the court's 12(b)(6) analysis.

4

counter-claims, or grounds for other motions, but the court declines to consider them in its analysis of the instant motion.

### B. Implied covenant of good faith and fair dealing claim

Marquis' implied covenant claim is sufficiently pled. Under Nevada law, a successful claim for breach of the implied covenant of good faith and fair dealing requires the plaintiff to allege that (a) one party to the contract conducts itself in contradiction to the purpose of the contract, and (b) the justified expectations of the other party are thus denied. *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.,* 107 Nev. 226, 233, 808 P.2d 919, 923 (1991). Defendant argues that Marquis' allegations related to defendants' conduct do not contradict the purpose of the agreement because the agreement expressly states that the power to make settlement decisions was in the client's hands.

The contract does indeed put the settlement decision firmly in defendants' hands. (*See* Doc. # 8 at 9, ¶ 10). Marquis does not, however, base its implied covenant claim on the lone fact that defendants chose to settle against Marquis' advice. In fact, Marquis alleges that defendants breached the implied covenant in 3 other manners: (1) by concealing material information from Marquis, (2) by refusing to compensate Marquis' for work performed, and (3) by "conducting surreptitious negotiations with the [Idaho litigation] defendants in [an] effort to avoid paying the amounts owed to MAC. (Doc. # 8, ¶¶ 31, 32, 33).

The court first finds that Marquis was not necessarily justified in expecting defendants to, without question, compensate Marquis for its services. The parties agree that the purpose of contract in question is to set forth the respective rights and obligations of the parties during Marquis' representation as attorneys of the defendants in the Idaho litigation. Under such an agreement, a party is justified in withholding payment due to a material dispute about whether that payment is actually owed. In and of itself, disputing payment under the terms of the contract does not rise to bad faith conduct. Marquis second bad faith allegation then, standing by itself, does not allege an implied covenant claim.

The court next finds, however, that Marquis' first and third implied covenant allegations, that defendants "concealed material information" with respect to defendants' "surreptitious

5

1 negotiations" and conducted those negotiations in an effort "to avoid paying the amounts owed to [Marquis]," describe conduct that *is* contradictory to the purpose of the fee agreement. In plain language, Marquis is claiming that defendants secretly held settlement discussions, refused to cooperate with Marquis as required by paragraph 10 of the agreement, and eventually concealed the result of the settlement discussions to Marquis, all *in effort to avoid paying* their legal bills. Such conduct is in direct contradiction to the purpose of a fee agreement for legal services.

Defendants argue that Ms. Dorfman informed Marquis of the settlement, which Marquis does not dispute. (Doc. ## 13 at 16; 17 at 8–9). Defendant also asserts that Ms. Dorfman told Marquis that it was a "walk away" settlement, and she would not be receiving any compensation. Plaintiff does not deny that it was informed that there was no compensation, but further alleges that defendants' purpose for holding the discussions secretly was to hide actual compensation terms from plaintiff. The court agrees with Marquis that regardless of what Ms. Dorfman told plaintiff, if the court accepts the facts alleged by Marquis as true, it must reasonably infer that Ms. Dorfman misrepresented the terms of the settlement offer when she told plaintiff that the settlement was a "walk away," and that she did so to avoid paying the contingent portion of her legal bills.

With respect to the second element of an implied covenant claim, Marquis has successfully alleged a justified expectation that defendant would not hold secret settlement negotiations to try to avoid paying its lawyer. First, the purpose of the agreement was to state the payment terms under which Marquis would agree to do legal work for defendants. In general, any deceptive action taken to avoid payment under the terms of a contract for services is in bad faith. Marquis has alleged that defendants hid material terms of a settlement offer to avoid payment. Second, paragraph 10 of the agreement explicitly requires defendants to provide any documents and information requested by Marquis. Information related to a settlement offer or proffer being considered by defendants falls under this provision. Marquis has alleged that defendants failed to provide that information upon request.

Accordingly, plaintiff has sufficiently pled facts that state an implied covenant claim.

C.   *Unjust enrichment claim*

Finally, Marquis has successfully stated a claim for unjust enrichment. Defendants argue

that because recovery under unjust enrichment is not available when an express agreement exists, plaintiff's first two claims bar it from bringing its third. *See LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 113 Nev. 747, 756 (1997). However, at the pleading stage, under FRCP 8(d)(2), "[a] party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Thus, a party may state a claim for breach of contract, premised on the existence of a valid contract, and state a claim for unjust enrichment, premised on the nonexistence of a valid contract. *See Winnemucca Farms, Inc. v. Eckersell*, No. 3:05–cv–385–RAM, 2010 WL 1416881, at *6 (D. Nev. Mar. 31, 2010). Rule 8(d) allows for plaintiff to bring his unjust enrichment claim in the alternative to his first two claims for relief.

Defendants only remaining argument with respect to the unjust enrichment claim is that Marquis withdrawal and refusal to dismiss the Idaho litigation on behalf of defendants bar it from recovering under an unjust enrichment theory. Once again, this argument addresses the merits of Marquis' claim, and not whether the claim is sufficiently pled. The court declines to consider the argument at this juncture, and finds that plaintiff has successfully pled an unjust enrichment claim.

**IV.   Conclusion**

For the foregoing reasons, plaintiff has stated 3 plausible claims for relief in its first amended complaint. Therefore, defendants' motion to dismiss will be denied in its entirety.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Terry Dorfman and T. Dorfman Inc.'s motion to dismiss (doc. # 13) be, and the same hereby is, DENIED.

DATED this 20TH day of October, 2015.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE