UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARQUIS AURBACH COFFING, P.C.,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>TERRY DORFMAN, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-00701-JCM-NJK<br><br>ORDER DENYING MOTION TO COMPEL AND MOTION TO SEAL<br><br>(Docket Nos. 41, 42) |

Pending before the Court is Plaintiff's Emergency Motion to Compel. Docket No. 41. Also pending before the Court is Plaintiff's Motion to Seal its Emergency Motion to Compel. Docket No. 42. The Court finds both motions to have threshold defects that require they be **DENIED** without prejudice as discussed more fully below.

**I.     MEET AND CONFER**

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have previously held that "personal consultation" means the movant must

"personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added). The Court may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *1 (D. Nev. June 10, 2013) (quoting *De Leon v. CIT Small Business Lending Corp.*, 2013 WL 1907786 (D. Nev. May 7, 2013)).

Counsel's certification makes a vague representation that "after personal consultation and sincere effort to do so, the parties have been unable to resolve the matters contained in the Motion without Court action." Docket No. 41-1 at 2. Plaintiff instead provides the Court with letters between the parties, the latest of which indicates that the parties agreed to have further discussions. Docket No. 24-6 at 9-12. It appears, from the certification, that the most recent time the parties engaged in a telephonic meet and confer was in October 2015. *Id*. at 5.[1] In the motion itself, it appears as if no meet and confer occurred after Defendants' most recent discovery production and Plaintiff's most recent request. Docket No. 41 at 9-10.

Plaintiff has, therefore, failed to meet its requirement to "accurately and specifically convey to

---

[1] Plaintiff alludes to a discussion "a month or two later," but provides no information regarding such discussion. Docket No. 41-1 at 5.

the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

## II.    EMERGENCY RELIEF

Plaintiff seeks emergency relief from the Court because it "recently" subpoenaed Michael Commisso "for documents and deposition testimony," and the deposition is set for January 26, 2016. Docket No. 41 at 10.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d ___, 2015 WL 6123192, *2 (D. Nev. Oct. 16, 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 2015 WL 6123192, at *2-3. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances.

When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-5(d)(3). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 2015 WL 6123192, at *4 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 2015 WL 6123192, at *4. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "it is the creation of the crisis – the necessity for bypassing regular motion procedures – that requires

1  explanation." *Mission Power*, 883 F. Supp. at 493.  For example, when an attorney knows of the
2  existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the
3  eleventh hour, the attorney has created the emergency situation and the request for relief may be denied
4  outright.  *See Cardoza*, 2015 WL 6123192, at *4 (collecting cases).  Quite simply, emergency motions
5  "are not intended to save the day for parties who have failed to present requests when they should have."
6  *Intermagnetics America*, 101 B.R. at 193.

7  In this instance, Plaintiff's motion seeks an order requiring Defendants to remedy a document
8  production they provided on October 23, 2015.  Docket No. 41 at 9.  Plaintiff characterizes this
9  production as "egregiously deficient[.]"  *Id*.  However, Plaintiff delayed in filing the present emergency
10 motion to compel until January 14, 2016.  *Id*.  Plaintiff contends emergency relief is justified because
11 it desires the requested documents to prepare for an upcoming deposition scheduled for January 26,
12 2016, to prepare for other depositions it intends to schedule, and to prepare an expert report.  *Id*. at 10.
13 However, Plaintiff fails to explain why, if the document production was so egregious, it waited until the
14 eleventh hour to file its motion on an emergency basis.[2]

15 **III.  MOTION TO SEAL**

16 Plaintiff filed a motion to seal its emergency motion to compel, Exhibits 2-11, and Exhibits 13-
17 14.  Docket No. 42.  Plaintiff has filed the entire motion under seal.  Docket No. 41.  Plaintiff's entire
18 reason for its sealing request is that the documents in Exhibits 2-11 and 13-14 were designated
19 confidential during discovery pursuant to a protective order issued in the District of Idaho.  Docket No.
20 42 at 1-2.

21 The Ninth Circuit has held that there is a strong presumption of public access to judicial records.
22 *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm*
23 *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal
24 bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678
25 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Parties seeking to maintain the confidentiality

---

[2] As the parties' most recent meet and confer appears to have occurred prior to the October 23, 2015, document production, Docket No. 41 at 9, it does not appear to the Court as if Plaintiff's delay in filing its motion was due to an unsuccessful attempt to resolve the discovery dispute.

4

of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana* 447 F.3d at 1179. Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[3] Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has clarified that the terms "dispositive" and "nondispositive" are not intended to be mechanical classifications. *See Center for Auto Safety v. Chrysler Group, LLC*, ___ F.3d ____, 2015 WL 142440, *4 (9th Cir. Jan. 11, 2016). Instead, determining the applicable standard is premised on "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.*

Similarly, the Ninth Circuit has made clear that the sealing of entire documents or motions is improper when any confidential information can be redacted while leaving meaningful information available to the public. *See Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011).

The fact that a court has entered a stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to a stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met.

---

[3] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

Here, Plaintiff improperly filed its entire motion and all exhibits under seal. Docket No. 41. Additionally, Plaintiff has failed to even attempt to demonstrate sufficient grounds to seal the motion itself or the documents attached and has failed to attempt to demonstrate why the motion and exhibits should be sealed rather than redacted. Accordingly, the motion to seal is **DENIED**.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel, Docket No. 41, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal its motion to compel, Docket No. 42, is **DENIED**.

**IT IS FURTHER ORDERED** that Docket No. 41 shall remain under seal for the time being. No later than January 29, 2016, Plaintiff shall refile a motion to seal any portion of Docket No. 41 that it requests to remain under seal. Plaintiff shall comply with the standards for sealing in the Ninth Circuit, as set out in this Order and all applicable caselaw. If Plaintiff fails to file such motion prior to January 29, 2016, the Court may order the documents at Docket No. 41 unsealed.

IT IS SO ORDERED.

DATED: January 15, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge