UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARQUIS AURBACH COFFING, P.C., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> TERRY DORFMAN, et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:15-cv-00701-JCM-NJK <br><br> ORDER GRANTING MOTION TO SEAL <br><br> (Docket No. 48) |

Pending before the Court is Plaintiff's renewed motion to file documents under seal that are attached to its motion to compel and to redact portions of its motion to compel. Docket No. 48. Plaintiff seeks to file certain documents under seal because they were designated as confidential by non-parties Melaleuca, Inc., and Melaleuca of Canada, Inc. ("Melaleuca") pursuant to the protective order governing discovery in another case. *Id*. at 2. Attached to Plaintiff's motion is a declaration, in which Melaleuca's counsel submits that the documents contain Melaleuca's proprietary marketing information. Docket No. 48-3 at 4. That declaration only addressees two of the twelve subject documents: those labeled Bates Numbers MEL-MAC 000274 and MEL-MAC 001655, which are attached to Plaintiff's motion to compel as exhibits 13 and 14. Docket No. 48-3 at 3 (providing that "it is my understanding that these two documents are the only confidential Business Report Summaries MAC is presently seeking to file"). Melaleuca's counsel argues that the disclosure of these two documents to the public, other litigants, or Melaleuca's competitors would be unduly prejudicial. *Id*.

Parties seeking to maintain the confidentiality of documents attached to a motion

" a motion to compel must make a particularized showing of good cause. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)). The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Any sealing request must be narrowly tailored. Where documents may be redacted while leaving meaningful information available to the public, the Court will allow only redaction of filed documents rather than outright sealing of the documents in their entirety. *See, e.g.*, *Foltz*, 331 F.3d at 1137.

The Court has reviewed the documents and Melaleuca's declaration and finds that good cause exists to seal the two documents addressed in that declaration. With respect to the remaining documents, the Court finds Melaleuca and Plaintiff have failed to make the requisite showing of good cause. The motion to seal is hereby **GRANTED** in part and **DENIED** in part. *See Aevoe Corp. v. AE Tech Co.*, 2014 WL 6065812, at *2 (D. Nev. Nov. 12, 2014) (granting motion to seal confidential and proprietary business information under more demanding compelling interest).

Accordingly, for good cause shown,

1. Plaintiff's motion to seal exhibits 2-11 is **DENIED**.
2. Plaintiff's motion to seal exhibits 13 and 14 and to redact certain portions of its motion to compel is **GRANTED**.
3. No later than February 5, 2016, Plaintiff shall file its motion to compel on the public docket. It may seal exhibits 13 and 14 and redact lines 1-6 on page 6.
4. Plaintiff's prior filing shall remain under seal.

IT IS SO ORDERED.

DATED: February 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge