UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARQUIS AURBACH COFFING, P.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>TERRY DORFMAN, et al.,<br><br>    Defendants. | Case No. 2:15-cv-00701-JCM-NJK<br><br>    STIPULATED PROTECTIVE ORDER<br><br>As amended on pgs. 6, 11. |

  This matter having come before the Court upon the parties' Stipulated Protective Order, and the Court finding good cause for entry of its Order pursuant to said Stipulated Protective Order.

  IT IS HEREBY ORDERED that the parties to this action (the "Parties") abide by the terms and conditions set forth in the following Protective Order with respect to documents and information produced or disclosed in this case:

  1.  DEFINITIONS

  1.1.  "Material" refers to any document, data compilation, testimony, report, interrogatory response, response to a request for admission, response to a request for production, or other information in any form produced or disclosed in this action (including copies), whether voluntarily or through any means of discovery authorized by law, and whether by a party or non-party.

  1.2.  Material may be designated "CONFIDENTIAL" if the Designating Party in good faith believes that disclosure of such Material in this case without the designation

PROTECTIVE ORDER - 1

presents a risk of injury to the legitimate business interests of the Disclosing Party. Confidential information includes, but is not limited to, trade secrets (as trade secrets are defined by the Nevada Uniform Trade Secrets Act, Nevada Revised Statutes §§ 600A.030, *et seq.*), all Materials reflecting, referring to or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, business plans or forecasts, financial plans and forecasts, operational plans and forecasts, and all private or sensitive commercial, financial, personal or personnel, underwriting, rating, claims and insurance policy information. Confidential information may take the form of, but is not limited to, (a) documents, responses to request for production, interrogatory responses, or responses to requests for admissions; (b) hearing or deposition transcripts and related exhibits; and (c) all copies, abstracts, excerpts, analyses, reports, and complete or partial summaries prepared from or containing, reflecting, or disclosing such confidential information.

1.3. "Disclosing Party" refers to a party, or non-party, to this action who produces Material.

1.4. "Designating Party" refers to a party or non-party to this action who designates Material as CONFIDENTIAL.

1.5. "Requesting Party" refers to a party who has made a discovery request.

1.6. "Receiving Party" refers to a party who receives, or is otherwise exposed to, Material during the course of this action.

1.7. "Experts" refers to experts, interpreters, translators, investigators, or consultants retained by any of the Parties to assist in this action.

2. SCOPE OF PROTECTIVE ORDER

    2.1. Except as the parties and a Disclosing Party may otherwise agree, or the Court may order, Material produced, which is designated CONFIDENTIAL, including any report, excerpt, analysis, summary, or description of it, shall be used solely for the prosecution or defense of the above-captioned action, including appeals, and any other related action, including but not limited to the action pending in the United States District Court for the District of Idaho, Melaleuca, Inc., et al., v. Marquis Aurbach Coffing, P.C., et al., Civil Action No. 4:16-cv-00035-BLW. If CONFIDENTIAL Materials are used in the above-captioned actions they must be used without violation of this Protective Order.

    2.2. This Order shall govern all Material produced in this action, including Material produced prior to entry of this Order.

    2.3. The protections of this Order shall not apply to Material that, prior to disclosure in this action, was within the actual possession or knowledge of a Receiving Party but was not subject to any confidentiality obligation between the Parties, was previously disclosed by a Disclosing Party to a non-party to this action without any obligation of confidentiality, or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party. However, Material that was in the hands of the Receiving Party prior to disclosure in this action and that was subject to a confidentiality obligation between the Parties shall be made subject to this Order. Any party who claims that the Material was, prior to disclosure in this action, within its actual

possession or knowledge and was not subject to a confidentiality obligation or was public knowledge shall have the burden of proving that fact.

3. DESIGNATION OF MATERIAL

   3.1. General Provisions

   3.1.1. A Disclosing Party may designate Material as CONFIDENTIAL only if the Material (1) is CONFIDENTIAL, as defined by Section 1.2, and (2) is not excluded from the scope of this Order by Section 2.3.

   3.1.2. A Disclosing Party's failure to designate Material as CONFIDENTIAL at the time of production or disclosure of the Material does not waive its right later to designate the Material as CONFIDENTIAL. After any designation, each Receiving Party shall treat the designated Material as either CONFIDENTIAL and subject to the protections of this Order.

   3.2. Methods of Designation

   3.2.1. A Designating Party may designate Material as CONFIDENTIAL by placing or affixing on the Material the word "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" or a similar legend.

   3.2.2. Hearing or deposition transcripts, or portions of such transcripts, may be designated CONFIDENTIAL by: (a) counsel so stating on the record during the hearing or deposition, or (b) providing written notice to the reporter and all counsel of record within 30 days after the reporter sends notice to counsel that the written transcript is available for review.

   3.2.4. When CONFIDENTIAL Material is supplied or stored on a digital, electronic, or electromagnetic medium, the CONFIDENTIAL designation

shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container or such medium.

3.3.  Challenging Confidentiality Designations

    3.3.1. If any Party challenges the confidentiality designation of any CONFIDENTIAL information the parties shall undertake to resolve the dispute as follows: (a) the objecting party shall notify the Designating Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection. (b) The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Designating Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall cooperate in promptly making a representative available to discuss the issue and failing such cooperation this requirement is waived. (c) Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Material sought to be protected is not entitled to such designation. The Designating Party bears the burden to establish that the Material is CONFIDENTIAL and entitled to protection under this Order. Notwithstanding any such challenge to the designation of Material as CONFIDENTIAL, all such Material so designated shall be treated as such and shall be subject to the provisions of this Order until one of the following occurs: (a) the Disclosing Party withdraws such

CONFIDENTIAL designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

4. DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL MATERIAL

    4.1. Use and Handling of CONFIDENTIAL Material

        4.1.1.

        4.1.2. All copies, duplicates, extracts, summaries, reports, or descriptions (collectively "copies") of Materials designated as CONFIDENTIAL, or any portion thereof, shall immediately be affixed with the word "CONFIDENTIAL," if such a word does not already appear.

        4.1.3. Material properly designated as CONFIDENTIAL shall not be posted on the Internet, or disclosed on any other public broadcast forum, chat room,

        message board, or the like, except to the limited extent such materials are properly made available for review through an Electronic Case Filing system provided by the Court.

4.1.4. Material designated CONFIDENTIAL does not lose protected status through an unauthorized disclosure, whether intentional or inadvertent, by a Receiving Party. If such a disclosure occurs, the Parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

4.1.5. Material that is subject to a claim of attorney/client privilege or work product protection by the Disclosing Party does not lose its protected status through disclosure to the Receiving Party and disclosure of such Material does not constitute a waiver of a claim of privilege by the Disclosing Party. If Material is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the Material of the claim and the basis for it. After being notified, a party must promptly return or sequester the specified Material and any copies it has and may not use or disclose the information until the question of its privileged or protected status is determined. If a Receiving Party challenges the privilege designation, the receiving party must sequester the Material and promptly present the Material to the court under seal for a determination of the asserted privilege claim. If the Receiving Party disclosed the information before being notified, it must take immediate and reasonable

steps to retrieve it. The Disclosing Party must preserve the information until the claim is resolved.

4.1.6. Any Material that is designated CONFIDENTIAL shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Order.

    4.1.6.1. The Parties, including in-house counsel, former officers, directors, partners, employees, or agents of a Party required to provide assistance in the conduct of this litigation;

    4.1.6.2. The Court, its staff, the jury, and all appropriate courts of appellate jurisdiction and their staff in this litigation;

    4.1.6.3. Outside counsel of record for the Parties in this litigation;

    4.1.6.4. Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on this litigation and who have need for such information for purposes of this litigation;

    4.1.6.5. Experts of the Parties who have a need for such information to assist in this litigation;

    4.1.6.6. Court reporters during depositions or hearings in this litigation;

    4.1.6.7. Deponents during depositions or witnesses during hearings in this litigation who have agreed to be bound by this Protective Order as it relates to Material produced in this action;

    4.1.6.8. Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the

CONFIDENTIAL Material being disclosed, or who have been participants in a communication that is the subject of the CONFIDENTIAL Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

    4.1.6.9. Employees of third-party contractors of the Parties involved solely in providing copying services or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material connected with this litigation; and

4.1.6.10. Any other person agreed to in writing by the Disclosing Party.

4.1.7. Prior to disclosure of any CONFIDENTIAL Material to any Expert employed by the Parties, counsel for the Parties to assist in the preparation and litigation of this litigation, or deponents during depositions or witnesses during hearings or trial in this litigation, he or she must first be advised of and agree in writing to be bound by the provisions of this Order. Such written agreement shall consist of his or her endorsement of a copy of this Order or of the Undertaking attached to this Order. Copies of

such writings, except as to those persons whose identities need not be disclosed in discovery, shall be produced to other parties upon written request.

4.1.8. The recipient of any CONFIDENTIAL material shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

5. OTHER PROVISIONS

5.1. Any third party producing Materials in this action may be included in this Order by endorsing a copy of this Order and delivering it to the Requesting Party, who, in turn, will serve a copy of it upon counsel for the other parties.

5.2. This Order shall not prevent any party or any Disclosing Party from applying to the Court for further or additional confidentiality orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

5.3. This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

5.4. Except as provided for in this Order, nothing in this Order, nor any actions taken pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party, including the right of either party to object to the subject matter of any discovery request. Furthermore, nothing in this Order, nor any actions taken pursuant to or under the provisions of this Order shall have the effect of proving, suggesting to prove, or otherwise creating a presumption that

      information disclosed in this action is confidential, trade secret or proprietary, as it pertains to the parties' respective claims in this action.

5.5.    After final termination of this litigation, including any appeals, each counsel of record that has received Material subject to this Protective Order, upon written request made within 60 days of the date of final termination, shall within 60 days of such request, (a) destroy or (b) assemble and return to the counsel of record, all Material in their possession and control, embodying information designated CONFIDENTIAL, including all copies thereof except that each counsel of record may maintain one archive copy of all pleadings, correspondence, deposition transcripts, deposition exhibits, trial transcripts, and trial exhibits, together with any attorney work product provided that such archive copy be appropriately marked as CONFIDENTIAL and be retained in accordance with the terms of this Order.

5.6.    Counsel for any party may exclude from the room at a deposition, during any questioning that involves CONFIDENTIAL Material, any person (other than the witness then testifying) who is not permitted the disclosure of such Material under this Order.

5.7. The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order. This Order shall survive termination of this litigation, to the extent that the information contained in confidential matters is not or does not become known to the public.

| | |
|---|---|
| Dated this 26th day of February, 2016. | Dated this 26th day of February, 2016. |
| **MARQUIS AURBACH COFFING, P.C.** | **ALDRICH LAW FIRM, LTD.** |
| /s/ Chad Clement | /s/ John P. Aldrich |
| Terry A. Coffing, Esq. | John P. Aldrich, Esq. |
| Nevada Bar No. 4949 | Nevada State Bar No. 6877 |
| Chad F. Clement, Esq. | Catherine Hernandez, Esq. |
| Nevada Bar No. 12192 | Nevada Bar No. 8410 |
| Jared M. Moser, Esq. | 1601 S. Rainbow Blvd., Suite 160 |
| Nevada Bar No. 13003 | Las Vegas, Nevada 89117 |
| 10001 Park Run Drive | Tel (702) 853-5490 |
| Las Vegas, Nevada 89145 | Fax (702) 227-1975 |
| Tel (702) 382-0711 | *Attorneys for Defendants* |
| Fax (702) 382-5816 | |
| *Attorneys for Plaintiff* | |

**IT IS SO ORDERED.**

DATED this 29th day of February, 2016.

U.S. DISTRICT COURT FOR THE
DISTRICT OF NEVADA

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE

# **UNDERTAKING**

I, _____, have read and agree to be bound by the Protective Order in _____Case No. _____. I hereby submit to the jurisdiction of the Court for purposes of ensuring compliance with the Protective Order.

Date: _____

Signature: _____

Printed
Name: _____

Address: _____

_____