UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MARQUIS AURBACH COFFING, P.C., | Case No. 2:15-CV-701 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| TERRY DOFRMAN, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Marquis Aurbach Coffing, P.C.'s motion for leave to file a second amended complaint. (ECF No. 44).[1] Defendants Terry Dorfman, and T. Dorfman, Inc. filed a response, (ECF No. 58), and plaintiff filed a reply. (ECF No. 61).

**I.    Background**

Marquis is a law firm organized as a Nevada professional corporation authorized to do business in Nevada. (ECF NO. 8 at ¶ 1). T. Dorfman, Inc. is a Canadian Corporation, and Terry Dorfman is an agent of that corporation. (*Id.* at ¶¶ 2-3). Both defendants are Canadian residents. (*Id.* at ¶¶ 2-3).

On September 18, 2012, Marquis and the defendants entered into an attorney fee agreement. (*Id.* at ¶ 8). Marquis agreed to represent T. Dorfman, Inc. as plaintiff's attorney. (*Id.* at ¶ 6). At the time, T. Dorfman, Inc. was the plaintiff in a lawsuit filed in the United States District Court for the District of Idaho. (*Id.* at ¶ 9). The "hybrid" fee agreement specified that the client agreed to pay a reduced hourly rate for legal services provided during litigation of the client's claim in exchange for a reduced contingency fee of twenty percent of any amount recovered from

---

[1] Plaintiff attached a copy of the second amended complaint to the motion. (ECF No. 45).

**James C. Mahan**
**U.S. District Judge**

the adverse parties. (*Id.* at ¶ 6). Defendant Dorfman personally guaranteed payment to Marquis. (*Id.* at ¶ 8).

Plaintiff alleges that defendants independently agreed to a settlement with the adverse parties, concealed the facts of the settlement from plaintiff, and did not completely pay plaintiff's attorney fees. (*Id.* at ¶¶ 11, 15). Plaintiff's proposed second amended complaint further alleges that plaintiff, in response to defendants' concealment, elected to resolve the fee dispute with an hourly rate charge rather than the previously contracted hybrid fee. (ECF No. 45 at ¶¶ 57, 63).

The first amended complaint includes three causes of action: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, and (3) unjust enrichment. (ECF No. 8 at ¶¶ 18-41). Plaintiff's proposed second amended complaint adds six new causes of action: (1) fraudulent or intentional misrepresentation, (2) fraudulent concealment, (3) negligent misrepresentation, (4) intentional interference with contractual relations, (5) civil conspiracy, and (6) aiding and abetting. (ECF No. 45 at ¶¶ 97-142). The second amended complaint also adds two defendants: Michael Commisso and Commisso Group, Inc. (ECF No. 45 at ¶¶ 91-142).

Defendants oppose leave to amend on three grounds. First, they argue that the motion for leave to file a second amended complaint is untimely under the scheduling order. (ECF No. 58 at 4-5). Second, defendants argue that five of the additional causes of action are futile. (*Id.* at 5-8). Third, they argue that the court does not have jurisdiction over the additional defendants. (*Id.* at 8-10).

## II. Legal Standard

Federal Rules of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." However, courts will deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990).

A motion to amend a complaint is futile where the motion offers no new set of facts or legal theory, or fails to state a cognizable claim. *Gardner v. Martino,* 563 F.3d 981, 991–92 (9th

**James C. Mahan
U.S. District Judge**

- 2 -

Cir. 2009); *see also Miller v. Skogg,* No. 10–01121 2011 WL 383948 at *4 (D. Nev. Feb. 3, 2011) (denying plaintiff's motion to amend as futile for failure to state a claim under the Federal Rule of Civil Procedure 12(b)(6) standard). Futility alone is grounds to deny a motion seeking leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

**III.    Discussion**

Plaintiff's motion for leave to file a second amended complaint meets the Rule 15(a) standard. Therefore, the court grants plaintiff's motion.

*a.   Timeliness of Motion*

The court has previously extended the deadline to amend the complaint for good cause and excusable neglect, making plaintiff's motion timely. (*See* ECF No. 64).

*b.   Futility of Claims*

Causes of action are futile if they cannot satisfy the Rule 12(b)(6) threshold. *Boorman v. Nevada Memorial Cremation Society, Inc.*, 772 F. Supp. 2d. 1309, 1317 (D. Nev. 2011) (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Rule 12(b)(6) requires the plaintiffs "to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court clarified that claims meet the 12(b)(6) threshold when factual allegations in a complaint, under the assumption that they are true, allege a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions are not entitled to the assumption of truth. *Id.* at 678. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.

Here, defendants argue that the claims for fraudulent or intentional misrepresentation, and negligent misrepresentation are futile because the plaintiff did not allege having justifiable reliance on a misrepresentation. (ECF No. 58 at 5-7). Defendants also argue that the claim for fraudulent concealment is futile because plaintiff did not allege having actual reliance on a misrepresentation. (*Id*. at 7). By extension, defendants argue that the claims for civil conspiracy and concert of action are futile because they rely on the claims for fraudulent or intentional misrepresentation, negligent misrepresentation, and fraudulent concealment. (ECF No. 58 at 8).

**James C. Mahan**
**U.S. District Judge**

Fraudulent or intentional misrepresentation, and negligent misrepresentation include an element of reliance. *Bartmettler v. Reno Air Inc.*, 956 P.2d 1382, 1386-87 (Nev. 1998). Defendants argue that the second amended complaint does not allege reliance because plaintiff suspected defendants were concealing facts and, consequently, withdrew from the case. (ECF No. 58 at 7). However, reliance requires only that the misrepresentation have a substantial influence by materially affecting the plaintiff's conduct to its detriment. *See Lubbe v. Barba*, 540 P.2d 115, 118 (Nev. 1975).

In *Nutraceutical*, the Supreme Court of Nevada held that respondents satisfied the justifiable reliance element despite not accepting misrepresentations at face value because the misrepresentation caused the respondents to refrain from engaging in potentially lucrative activity. *Nutraceutical Dev. Corp. v. Summers*, No. 53565, 2011 WL 2623749, at *4 (Nev. July 1, 2011).[2] The second amended complaint alleges analogous facts, where the defendants' concealment of the facts of the settlement led plaintiff to attempt to resolve a fee dispute by demanding hourly rates, which deprived it of a valuable contingency award. (ECF No. 45 at ¶¶ 57, 63). Taking these allegations as true, the court finds that they support a showing of reliance and plaintiff has stated plausible misrepresentation claims. Accordingly, amending the complaint by adding the fraudulent or intentional misrepresentation, and negligent misrepresentation claims is not futile.

The fourth element of fraudulent concealment requires that the plaintiff was unaware of and would have acted differently if it had known of the concealed fact. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998). Here, defendants argue that the plaintiff was aware that the defendants were concealing information. (ECF No. 58 at 7). However, the fact that plaintiff suspected that the defendants were being deceitful does not undermine its allegations that it was unaware of the specific facts defendants had concealed. *See Lubbe*, 540 P.2d at 118; (ECF No. 45 at ¶¶ 52, 57, 63). The allegations from the second amended complaint also suggest that plaintiff would not have proposed an hourly rate charge if they had known the facts of the settlement. (*See*

---

[2] The court recognizes that *Nutraceutical* is an unpublished opinion that is not binding precedent. *See* NRAP 36(c); *see also* ADKT 0504 at Ex. A § (c)(3) (Nov. 12, 2015) (Order Amending Nevada Rules of Appellate Procedure 36 and Repealing Supreme Court Rule 123). The court finds its analysis persuasive, however, and discusses it here as persuasive authority.

**James C. Mahan**
**U.S. District Judge**

- 4 -

*Id*. at ¶¶ 57, 63). Accordingly, plaintiff raises a plausible claim for fraudulent concealment, and defendants' futility arguments fail.

Defendants' arguments regarding the civil conspiracy and concert of action claims rely on showing the futility of the fraudulent or intentional misrepresentation, negligent misrepresentation, and fraudulent concealment claims. (ECF No. 58 at 8). Defendants have failed to show that any of those three claims are futile. Therefore, defendants' arguments for the futility of civil conspiracy and concert of action also fail. All five claims of actions state a plausible claim for relief.

    *c. Jurisdiction*

Defendants' arguments go beyond the scope of the standard for a Rule 15(a) motion. Defendants may argue that a court lacks personal jurisdiction over them. However, personal jurisdiction challenges are reserved to parties over whom jurisdiction is being exercised. To allow otherwise would deny other defendants the right to waive the arguments. *See generally* Fed. R. Civ. P. 12(h)(1).

Here, the defendants for whom jurisdiction is challenged are not yet parties to this suit. After plaintiff files the second amended complaint, the new defendants will have the opportunity to raise their own defenses and jurisdictional challenges, if they choose not to waive those challenges. Accordingly, the court rejects the Dorfman defendants' personal jurisdiction arguments on behalf of the currently non-party Commisso defendants.

**IV.    Conclusion**

Having considered the *Foman* factors, here the court finds that they are not present. *See Foman*, 371 U.S. at 182. Plaintiff's motion to amend is thus granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's second motion to amend complaint, adding two new parties and six new claims, (ECF No. 44), be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  IT IS FURTHER ORDERED that plaintiff file an amended complaint pursuant to Local Rule 15-1(b) that is identical to that attached to the motion to amend, (ECF No. 45), within seven days of the entry of this order.

DATED June 13, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -